<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4840**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CARL HARRIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00144-FDW-1)

Submitted: September 25, 2014          Decided: October 16, 2014

Before GREGORY, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Acting Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Harris entered a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced under the Armed Career Criminal Act ("ACCA") to 180 months' imprisonment. Harris' plea preserved his right to appeal the district court's order denying his motion to suppress. On appeal, Harris argues that the district court erred in: applying the reasonable suspicion standard set forth in Terry v. Ohio, 392 U.S. 1 (1968); concluding that reasonable suspicion supported the officers' Terry frisk; and categorizing Harris as an armed career criminal.

Harris first argues that because the City of Charlotte Municipal Code classifies discharging a firearm as a misdemeanor rather than a felony, the officers were prohibited from conducting a Terry frisk, even if supported by reasonable suspicion. Harris, however, has waived this argument by failing to raise it as a distinct ground in support of his motion to suppress in the district court. See Fed. R. Crim. P. 12(b)(3), (e); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995) (concluding that "[a]ny failure to file a pre-trial motion to suppress constitutes waiver of the defense or objection unless the defendant can demonstrate just cause for the failure."); see also United States v. Horton, 756 F.3d 569, 574 (8th Cir. 2014)

2

(holding arguments not raised in motion to suppress are waived on appeal), petition for cert. filed, __ U.S.L.W. __ (U.S. June 3, 2014) (No. 13-10476); United States v. Lockett, 406 F.3d 207, 212 (3d Cir. 2005) ("[I]n the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he or she seeks to rely upon in this [c]ourt."). Harris alleges no good cause for his failure to raise this issue below, and we therefore decline to consider it on appeal.

Harris next asserts that the district court erred in concluding that reasonable suspicion supported the officers' Terry frisk. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). "Moreover, if the officer has a reasonable fear for his own and others' safety based on an articulable suspicion that the suspect may be armed and presently dangerous, the officer may conduct a protective search of, i.e., frisk, the outer layers of the suspect's clothing for weapons." United States v. Holmes, 376 F.3d 270, 275 (4th Cir. 2004) (internal quotation marks omitted).

The officer must have "at least a minimal level of objective justification for making the stop" and "must be able

to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." Wardlow, 528 U.S. at 123-24 (internal quotation marks and citations omitted). Courts assess the legality of a Terry stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (citation omitted). Applying these principles, we conclude that, under the totality of the circumstances, the officers had a reasonable suspicion to stop Harris and frisk him for weapons.

Finally, Harris asserts that his sentence under the ACCA violates the Fifth and Sixth Amendments because his prior convictions were not alleged in the indictment, proven to the jury beyond a reasonable doubt, or admitted as part of his guilty plea. As Harris acknowledges, this issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 228-35 (1998).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4